HARDY, Judge.
This is a suit in which plaintiff claimed compensation as for total permanent disability. From a judgment in favor of *364 plaintiff awarding compensation at the rate of $16.25 per week for a period not exceeding 400 weeks, the defendant has appealed.
Plaintiff alleged his injuries resulted from two separate accidents occurring respectively in September, 1956, and on December 27, 1957. As to the first occurrence, his claim was met by pleas of prescription and peremption interposed by defendant. By reason of concessions made in brief of plaintiff’s counsel before this court abandoning plaintiff’s claims resulting from the accident of September, 1956, and the claim for statutory penalties and attorney’s fees, the issues presented by this appeal are restricted solely to the purported accident of December 27, 1957.
The single question tendered is exclusively factual and concerns the occurrence, vel non, of an accident on December 27, 1957, which has been specifically and emphatically denied by the defendant.
In connection with its denial of the occurrence of any accident on December 27, 1957, defendant vigorously attacks the credibility of plaintiff and that of his witness, a colored man by the name of George Marshall.
We have made careful examination of the somewhat extensive testimony included in the record before us and have reached the firm conclusion that defendant’s denial of the occurrence of the accident has been more than amply sustained. The glaring inconsistencies in plaintiff’s testimony are so numerous and flagrant as to obviate the necessity for detailed discussion.
Plaintiff claimed that as he walked out of the door of his employer’s place of business, at about 6:30 o’clock on the morning of the date set forth, carrying a box of trash, he fell to the ground, and, as the result of such fall, sustained the back injuries of which he complains, and to which he ascribed his total and permanent disability.
Plaintiff’s version of the accident is not only denied but is positively contradicted by his employer, who testified that he had reached his place of business some forty-five minutes prior to the time which was definitely fixed, both by the testimony of plaintiff and his witness as being the exact time of the accident.
In addition to the many discrepancies in plaintiff’s testimony, there is another factor which is entitled to serious consideration. There is no question as to the fact that for a considerable period of time following the date of the purported accident plaintiff actively engaged in an effort to persuade several parties to attest his claim, as witnesses to the asserted accident. To say the least, the proposals made by plaintiff were entirely improper. Despite this search for a witness, strangely enough, plaintiff did not mention nor rely upon the individual by whom he finally sought to establish his claim, and he only succeeded in producing the Negro, George Marshall, in his lawyer’s office a few months before trial of the case. It is more than passing strange that this particular person was not identified as an eye witness at the time plaintiff was so direly in need of corroboration in connection with his filing of claim. This despite the fact that, according to the testimony of both plaintiff and Marshall, the latter had not only observed the accident but had actually given assistance to plaintiff immediately following its occurrence.
We think it further significant that the testimony of Marshall, as given on trial, meticulously and exactly duplicated the testimony of plaintiff in even the most insignificant details. This fact, in itself, raises a reasonable question as to the credibility of the witness.
We have had no difficulty in reaching the conclusion that the testimony of plaintiff! and his witness are unworthy of belief, and that the credible evidence conclusively preponderates in favor of defendant’s contention that no accident occurred on December *365 27, 1957. We regret that this finding appears to do violence to the opposite conclusion which must have been reached by the trial judge, but we note that the somewhat detailed opinion of the district judge devoted little attention to the factual circumstances in connection with this accident, nor did it make any evaluation of the testimony related thereto.
For the reasons assigned the judgment appealed from is reversed and set aside, and
It is now ordered, adjudged and decreed that there he judgment in favor of defendant, Hardware Mutual Casualty Company, rejecting plaintiff’s demands at his cost.